UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJINDER SINGH, | Case No.:  26-cv-1225-RSH-JLB |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al., | [ECF No. 2] |
| Respondents. | |

On February 26, 2026, petitioner Manjinder Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On March 1, 2026, Petitioner filed a motion for a temporary restraining order. ECF No. 2. On March 2, 2026, the case was transferred to the undersigned, and a briefing schedule was ordered. ECF Nos. 4, 5.

Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on November 24, 2025, and is detained at the Imperial Regional Detention Facility. ECF No. 1 ¶¶ 4, 21. On February 5, 2026, Petitioner received a bond hearing before an immigration judge, who denied bond on the grounds that Petitioner posed a danger to the community and a flight risk. *Id.* ¶ 63. Petitioner alleges that the immigration judge's ruling was

erroneous and unsupported by the record, and misapplied the burden of proof. *Id.* ¶¶ 64–67. He argues that such a ruling thereby violated his rights under the due process clause as well as the Administrative Procedure Act. *Id.* ¶¶ 72, 89. Petitioner provides no records pertaining to the bond hearing, and no declaration from any person present at the hearing.

In response, Respondents state that on March 3, 2026, Petitioner appealed the immigration judge's bond decision to the Board of Immigration Appeals; that appeal remains pending. ECF No. 6 at 1; *see also* ECF No. 6-3 (notice of appeal). Respondents argue that the immigration judge properly considered the evidence and correctly applied the burden of proof; they also argue that the Petition should be denied for failure to exhaust administrative remedies. Petitioner chose not to file a reply brief.

Petitioner is required to exhaust his administrative remedies through an appeal to the BIA before seeking habeas review of the immigration judge's adverse bond determination. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Petitioner has not done so here; his recent administrative appeal, which he filed after he filed his petition in this case, remains pending. *See* ECF No. 6-3. Petitioner has not set forth any basis for waiving the exhaustion requirement in his case.

In light of Petitioner's failure to exhaust administrative remedies, the Court **DISMISSES** the Petition without prejudice. In light of this disposition, Petitioner's motion for a temporary restraining order [ECF No. 2] is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 24, 2026

_____
Hon. Robert S. Huie
United States District Judge